NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HENRY MUZGAY,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No.   24-4340

D.C. No. 6:22-cv-01839-JR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Submitted August 19, 2025**
Portland, Oregon

Before:  CALLAHAN and MENDOZA, Circuit Judges, and SNOW, District
Judge. ***

Henry Muzgay appeals the district court's judgment affirming the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

1

Commissioner of Social Security's denial of his application for disability insurance benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). We affirm.

1.      Muzgay argues that the administrative law judge ("ALJ") erroneously discredited his testimony based on general findings. "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)). We conclude that the ALJ did not err. Unlike *Brown-Hunter*, the ALJ here provided "specific reasons" to discount Muzgay's testimony, and we are not left to "comb the administrative record to find specific conflicts." *Id.* at 494 (citation omitted).

2. The ALJ provided clear and convincing reasons for discounting Muzgay's testimony that is supported by substantial evidence. *See Smartt*, 53 F.4th at 493. Despite Muzgay's hand complaints, an exam showed he "had no atrophy" of his hands. And following surgery, his range of motion and strength improved. Regarding Muzgay's foot and leg complaints, the ALJ also explained that Muzgay "continues to be active, which suggests his limitations are not as significant as alleged." For example, Muzgay "reported he currently used his ankle-foot orthotics for hunting, fishing, hiking, and gold panning," and he could also "walk 18 holes of golf." *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."). With respect to Muzgay's mental impairments, Muzgay tested "in the low average range" for general intellectual ability. In addition, Muzgay's symptoms appeared to improve with treatment. *See Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling . . . .").

3. Substantial evidence supports the limited weight the ALJ gave to the medical opinion of Dr. Weniger. For claims that were filed before March 27, 2017, like this one, the ALJ weighs medical opinions by considering several factors, such as the examining relationship, the treatment relationship, the supportability of the

opinion, and whether it is consistent with the record as a whole. 20 C.F.R. § 404.1527(c). Despite Dr. Weniger's opinion regarding Muzgay's functional limitations, Muzgay's overall intellectual ability tested "in the low average range." Many of Dr. Weniger's opinions also focused on what would be "helpful," "optimal" or "most effective[]" for Muzgay rather than what was necessary for him to work. And while Muzgay argues that the ALJ should have credited Dr. Weniger's opinions about Muzgay's reading and writing skills and limited interpersonal skills, the ALJ formulated Muzgay's residual functional capacity ("RFC") to account for these limitations.

4. The ALJ was not precluded from affording weight to the opinions of Drs. Rozenfeld and Williams. In the prior remand order, the district court did not find any error in the weight the ALJ assigned to these opinions but instead concluded that the ALJ's rationale for discounting Dr. Weniger's testimony solely because it conflicted with Drs. Rozenfeld and Williams was insufficient.

5. Lastly, the hypotheticals the ALJ posed to the vocational expert properly "include[d] [only] those limitations supported by substantial evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

**AFFIRMED.**

4